

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No:** |
| ) | |
| **CITY OF OXFORD,** ) | _____ |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I. INTRODUCTION

Eric Johnson brings this action for legal and equitable relief to redress race harassment, race discrimination, and retaliation against City of Oxford. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII") and 42 U.S.C. §1981. Plaintiff seeks injunctive relief, reinstatement, backpay, compensatory damages, punitive damages, attorneys fees and costs, and requests a jury trial pursuant to 42 U.S.C. §1981a.

1

## II.     PARTIES

1. Plaintiff, Eric Johnson, is an African-American citizen of the United States, and a resident of Oxford, Alabama. Mr. Johnson was employed by City of Oxford, as an employee from June 2012 until August 4, 2022.

2. Defendant City of Oxford is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and 42 U.S.C. §1981. At all times material to this action, Independent Physicians Resource, Inc. has had employed fifteen (15) or more employees and was subject to Title VII.

## III.    ADMINISTRATIVE EXHAUSTION

3. The Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

4. On or about November 5, 2021, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (Charge# 420-2021-02562) against Defendant City of Oxford, in which he complained that the Defendant had subjected him to race discrimination in violation of Title VII.

5. On or about May 11, 2022, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (Charge# 420-2022-01992) against Defendant City of Oxford, in which he complained that the

Defendant had subjected him to race discrimination, race harassment, and retaliation in violation of Title VII.

6. Plaintiff subsequently received a Right-To-Sue Notices for the above EEOC charges from the U.S. Department of Justice Civil Rights Division and timely filed this complaint within ninety (90) days of the receipt of said Notice.

7. There is no administrative prerequisite for claim brought under 42 U.S.C. §1981.

**IV. STATEMENT OF FACTS AND CLAIMS**

8. Eric Johnson was employed by Defendant beginning in June 2012 as a summer laborer, and in 2013 was hired as a full-time laborer.

9. In or around mid-July 2021, Plaintiff was cutting lawns and his mower broke down.

10. Plaintiff contacted his supervisor, Vann Hollingsworth (white), to find out what he wanted him to do and Hollingsworth told him to get on another mower and continue mowing.

11. The mower that Hollingsworth wanted Plaintiff to use was unsafe and he was not comfortable using it and relayed this to Hollingsworth.

12. Hollingsworth said he could either use the other mower or go home.

13. Plaintiff asked Hollingsworth if he could do other jobs like his white co-worker, Evan Beason, did when his mower broke.

14. Hollingsworth refused and sent Plaintiff home.

15. Hollingsworth contacted Plaintiff later that evening and told Plaintiff he was being suspended for a week due to insubordination.

16. Additionally, Plaintiff learned in June 2021 that his white co-worker, Robert Cruddles, who performs the same job that Plaintiff did, and had considerably less experience was earning $1.00 more per hour than he was.

17. On November 5, 2021, Plaintiff filed an EEOC charge alleging race discrimination regarding the above actions.

18. During Plaintiff's employment, he was subjected to a racially hostile work environment, including but not limited to, racially derogatory comments and slurs by his supervisor and multiple co-workers.

19. Plaintiff objected to the comments and complained to supervisors on multiple occasions.

20. No action was taken and the conduct continued even though the individuals acknowledged the conduct and there were witnesses to the harassment.

21. After an incident in April 2022 in which a white co-worker used racially derogatory language and made threats to Plaintiff, including a threat in the presence of his supervisor and no corrective action was taken, Plaintiff requested a meeting with the Mayor.

22. The comments and harassment were unwelcomed, offensive, severe or pervasive, and affected Plaintiff's working conditions.

23. During Plaintiff's meeting with the Mayor and other members of management, Plaintiff again complained about the racial discrimination and harassment.

24. The Mayor indicated that he would look into the issues.

25. Four days later on May 3, 2022, Plaintiff was issued a disciplinary Performance Improvement Plan.

26. Such action was in retaliation for Plaintiff's protected activity.

27. No action was taken related to Plaintiff's complaints of harassment.

28. On May 12, 2022, following Plaintiff's being placed on the Performance Improvement Plan, he filed an EEOC charge alleging further discrimination and retaliation.

29. On August 4, 2022, Plaintiff was called into a meeting with Ben Stewart, Vann Hollingsworth, Todd Gauntt, and Rusty Gann and told that he was being terminated.

30. Plaintiff had not had any employment issues since being placed on the PIP other than the filing of his EEOC charge.

31. Plaintiff was terminated based on his race for engaging in protected activity.

## COUNT ONE: CLAIMS OF RACIAL HARASSMENT AND DISCRIMIANTION PURSUANT TO TITLE VII AND § 1981

32. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 31 above with the same force and effect as if fully set out in specific detail herein below.

33. Plaintiff was subjected to discriminatory treatment and harassment based on his race, including offensive comments, disparate treatment, discipline, and termination.

34. Plaintiff was treated differently than similarly situated individuals who were white.

35. The racially harassing conduct was unwelcomed, severe or pervasive and affected Plaintiff's working conditions.

36. Defendant had actual or constructive knowledge of the harassment but failed to take prompt effective remedial action.

37. Defendant's conduct prevented Plaintiff from working in an environment free of racial harassment.

38. Defendant has no legitimate non-discriminatory reason for its conduct.

39. Defendant's conduct was pretext for discrimination.

40. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

41. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO TITLE VII

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41, above with the same force and effect as if fully set out in specific detail hereinbelow.

43. Plaintiff complained to supervisors and management about the racial discrimination and harassment he was subjected.

44. Plaintiff filed multiple EEOC charges against Defendant which Defendant received.

45. Plaintiff had a good faith belief that the conduct was discriminatory.

46. As a result of Plaintiff's complaints, Plaintiff was placed on a disciplinary Performance Improvement Plan and was later terminated.

47. Plaintiff engaged in protected activity.

48. Plaintiff was subjected to adverse actions.

49. Defendant's actions are casually related to Plaintiff's protected activity.

50. Defendant's conduct was pretext for retaliation.

51. Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination and harassment.

52. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

53. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests the following relief:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964, and §1981, and issue a declaratory judgment that the actions of Defendant violate federal law.

3. Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding him compensatory, punitive, and/or nominal damages, back-pay (plus interest), reinstatement and/or front pay.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, L.L.C.
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com
Attorney for Plaintiff

**Defendant's Address:**
**City of Oxford**
**c/o Mayor Alton Craft**
**145 Hamric Drive East**
**Oxford, AL 36203**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

9